Filed 5/29/14  P. v. Wyatt CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C074360 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 06F7071, 07F1009) |
| v. | |
| RICHARD LEIGH WYATT, | |
| Defendant and Appellant. | |

Defendant Richard Leigh Wyatt appeals from the trial court's denial of his petition for resentencing under the Three Strikes Reform Act of 2012,[1] contending the court abused its discretion in finding that his release would present an unreasonable risk of danger to public safety.  Defendant's contention is based on his argument that "[t]here are many positive factors supporting resentencing," such as his participation in anger management classes, parenting classes, and Narcotics Anonymous classes and his "positive influence on his daughter."

---

[1]      Penal Code section 1170.126.

The trial court's ruling was based on the following facts that it stated in its oral ruling following an evidentiary hearing where defendant testified: (1) defendant "has rarely been out of custody when he hasn't been committing crime"; (2) the crimes have a "history of danger" because they involved a loaded firearm, a shank, and assaults and batteries; (3) defendant has "been given opportunities such as probation and parole and failed"; and (4) defendant has a prison record that involves at least five incidents of "not just failing to abide by prison rules but also violent behavior, including altercations with other prisoners while in custody."

Finding no merit in defendant's contention because it is based on a reweighing of the evidence, we affirm.[2]

DISCUSSION

Defendant's first three strikes sentence (26 years to life) was for being a felon in possession of a firearm and carrying a concealed firearm in a vehicle while an occupant that occurred in 2006. His second three strikes sentence (a consecutive 50 years to life) was for possessing paraphernalia (a syringe) and possessing or manufacturing a weapon (a mental shank) while in jail that occurred in 2007.

Five years after defendant's last three strikes sentence, the electorate passed the Three Strikes Reform Act. Under the Three Strikes Reform Act, "prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent

_____

[2]     Defendant contends and the People concede that the denial of the resentencing petition is appealable. The issue of appealability is currently pending before the California Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Given the People's concession, we will assume that the denial of a resentencing petition is appealable.

2

felony conviction." (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1286.) If a defendant such as the one here satisfies certain criteria, "the petitioner shall be resentenced . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."[3] (Pen. Code,[4] § 1170.126, subd. (f).)

"In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

We review a trial court's exercise of discretion using the abuse of discretion standard, under which it is not enough for a defendant to show that reasonable people might disagree about the court's sentencing decision but rather, the defendant must show,

---

[3]     In the trial court, the court and parties agreed that defendant was eligible for resentencing unless he posed an unreasonable risk of danger to public safety. The court held an evidentiary hearing and denied defendant's petition for resentencing, finding he posed an unreasonable risk of danger to public safety. Given the court's and parties' agreement in the trial court and the basis for the ruling denying resentencing, we focus in this appeal only on whether the trial court abused its discretion in finding defendant posed an unreasonable risk of danger to public safety. We do not address the People's contention raised for the first time on appeal that defendant was ineligible for resentencing because he was armed with a firearm during his commission of the crime of being a felon in possession of a firearm. Nor do we address the issue of a defendant's entitlement to a full evidentiary hearing on the issue of whether a petitioner poses an unreasonable risk of danger to public safety. (Pen. Code, § 1170.126, subds. (f) & (g).) This was not an issue apparently in the trial court and was not briefed by the parties in this appeal.

[4]     All further section references are to the Penal Code.

3

for example, the court was unaware of its discretion or acted arbitrarily. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-378 [making these observations in terms of a trial court's exercise of discretion in determining whether to strike a defendant's strike].)

Here, defendant's argument is based on a disagreement about the trial court's weighing of appropriate factors it considered in determining that defendant poses an unreasonable risk of danger to public safety. This is not an appropriate basis on which to find an abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) The trial court was well aware of the positive factors defendant cites on appeal, as it specifically said it had considered all the evidence in the case (which included defendant's testimony about his participation in various prison programs) and specifically noted in denying the petition it was "encouraged" by defendant's relationship with his daughter, which it viewed as a "valuable relationship." It simply determined, however, that based on a weighing of all the factors, including the negative ones we have recounted that demonstrate dangerousness, the court reasonably believed defendant presented an unreasonable risk of danger to public safety. Thus, defendant has not shown the court's exercise of its discretion was an abuse of that discretion.

## DISPOSITION

The judgment (the court's order denying defendant's petition for resentencing) is affirmed.

                                                            _____ROBIE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____BUTZ_____, J.

4